NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRANDT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JANET MONROE, et al.<br><br>　　　　　Defendants. | CIVIL ACTION NO. 05-3386 (DRD)<br><br>**OPINION** |

Appearances

JOHN BRANDT
Ancora Psychiatric Hospital
301 Spring Garden Road
Ancora, New Jersey 08037-9699
　　*Plaintiff, pro se*

ESTER E. BOKONYI
Deputy Attorney General
State of New Jersey Office of the Attorney General
25 Market Street
PO Box 116
Trenton, New Jersey 08625-0112
　　*Attorney for Defendants Janet Monroe and Dr. Jeffrey Nurenburg*

## I. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff was found not guilty of a crime by reason of insanity, and was civilly committed to Greystone Park Psychiatric Hospital pursuant to N.J.S.A. 2c:4-8b(3) and State v. Krol, 68 N.J. 236 (1975). On March 24, 2005, Plaintiff got into an altercation with a staff member at Greystone, and was transferred to Ann Klein Psychiatric Hospital the following day. See Brandt

v. Aunach, et al., No. 05-2070, slip op. 1-3 (D.N.J. Nov. 10, 2005).  On April 18, 2005, Plaintiff's treatment team ordered him transferred to Greystone.  On July 6, 2005, Plaintiff filed the complaint in the instant case, suing two hospital employees and alleging that he remained at Ann Klein in violation of his right to be placed in the least restrictive environment necessary.  On July 18, 2005, the New Jersey Superior Court, Law Division, reviewed Plaintiff's status and ordered that he remain at Ann Klein until the Clinical Administrative Review Panel reviewed his status.  At that time, he could be transferred elsewhere, but not to Greystone under any circumstances.  On September 29, 2005, Plaintiff informed the Court that he was transferred to Ancora Psychiatric Hospital.  On April 26, Defendants filed a motion to dismiss, which was granted on May 24, 2006.  Brandt v. Monroe, No. 05-3386 (D.N.J. May 24, 2006).  Plaintiff has now filed a motion requesting that the Court alter its decision.

## II. DISCUSSION

### Standard for Reconsideration

The Court treats this motion under Fed. R. Civ. P. 59(e) as a motion for reconsideration governed, in New Jersey, by L. Civ. R.. 7.1(i).  See United States v. Compaction Systems Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).  Whether to grant a motion for reconsideration is wholly within the district court's discretion. Artista Records, Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 415 (D.N.J. 2005); Williams v. Sullivan, 818 F.Supp. 92, 93 (D.N.J. 1993).  The standard a party must meet to succeed on a motion for reconsideration is quite high; and success on the motion is to correct manifest errors of law or fact, to present newly discovered evidence, Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), or where facts or legal authority were presented but overlooked. Croker v. Boeing Co., 662 F.2d; Artista Records, Inc. v. Flea World, Inc., 356 F.Supp.2d at 415; Williams v. Sullivan, 818 F.Supp. at 93.  Motions for reconsideration

are granted sparingly, Bowers v. NCAA, 130 F.Supp. 2d 610 (D.N.J. 2001), and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. McGarry v. Resolution Trust Corp., 909 F. Supp. 241, 244 (D.N.J. 1995). A motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). On a motion for reconsideration, it is improper for a party to "ask the court to rethink what it had already thought through--rightly or wrongly," In re Tutu Wells Contamination Litig., 162 F.R.D. 81, 88 (D.V.I. 1995), and "in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland, 744 F.Supp. 1311, 1314 (D.N.J. 1990).

### Plaintiff's Claim

Plaintiff asserts that because the Court did not consider his opposition to the motion, there was a "misinterpretation of the facts."[1] The facts considered on the motion, however, were the facts alleged in Plaintiff's complaint, and deemed to be true for the purpose of a motion under Fed. R. Civ. P. 12(b)(6). Cruz v. Beto, 405 U.S. 319, 322 (1972). Plaintiff's brief in opposition to the motion to dismiss, which he now asks the Court to review, makes no argument that would alter the initial decision. The Court liberally construed his complaint and assumed that he sued Defendants in their personal, rather than official, capacities. Brandt, 2006 WL 1468394 at *3. The Court thus actually agreed with the second point in Plaintiff's brief. Despite this, however,

---

[1] Plaintiff offers no clear explanation for his failure to submit a timely brief in opposition to Defendants' motion, and merely refers to "institutional restraints."

Plaintiff's argument was defective. Plaintiff has a right to be confined in the least restrictive environment necessary, and a state court had already ruled that Plaintiff could be transferred to another hospital in the future, depending on the outcome of a review by the Clinical Administrative Review Panel, but not a right to the hospital of his own choosing. Plaintiff puts forward nothing new in his argument, let alone anything sufficient to meet the high standard for reconsideration.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion will be denied. The Court will sign an order implementing this opinion.

                                                **/s/ Dickinson R. Debevoise**
                                      DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:       July 14, 2006